# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURAL DEBBS SR., | Case No. 1:22-cv-00403-DAD-BAK (BAM) |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | (Doc. 2) |
| AM/PM GAS STATION, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| Defendant. | |
| | (Doc. 1) |
| | **THIRTY-DAY DEADLINE** |

Plaintiff Eural Debbs, Sr. ("Plaintiff"), proceeding pro se, initiated this purported civil rights action against AM/PM Gas Station on April 7, 2022. (Doc. 1.) Concurrent with his complaint, Plaintiff filed an application to proceed in forma pauperis. (Doc. 2.)

**I.    Application to Proceed in Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED.  28 U.S.C. § 1915(a).

**II.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to

1

dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.  Plaintiff's Allegations

In summary, Plaintiff alleges that he rode his wheelchair into the AM/PM on a hot day in June 2021. As Plaintiff lifted his cup to get "some slurpe," he did not notice the machine was being cleaned and he filled up his cup. (Doc. 1 at 5.) There was cleaning solution in the machine and Plaintiff drank it. He had to go to the emergency room and was diagnosed with toxic chemicals.

Plaintiff feels that his constitutional rights were violated when the defendant failed to act in a safe manner by posting a sign. Plaintiff also contends that defendant breached its duty, constituting negligence. He requests compensatory damages in the amount of $3 million dollars. In a supporting declaration, Plaintiff contends that defendant's failure to post any sign violated his constitutional rights under 42 U.S.C. § 1983 and is a civil rights deprivation. (Doc. 1 at 7.)

///

**IV.     Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983 and fails to establish this Court's jurisdiction.  As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he can do so in good faith.  To assist Plaintiff, the Court provides the relevant pleading and legal standards.

**A.  42 U.S.C. § 1983**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Generally, private parties do not act under color of state law for § 1983 purposes. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes that conduct by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). The ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Huffman v. Cty. of L.A.*, 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to be held liable under § 1983). Simply put, § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations and internal quotations omitted).

Here, Plaintiff fails to plead sufficient facts to establish that the defendant gas station (or corporation) was acting under color of state law. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary element of a § 1983 claim").

///

///

3

### B. Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

#### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Here, Plaintiff affirmatively states in his complaint that jurisdiction is not based on diversity of citizenship. (Doc. 1 at 4.) Moreover, Plaintiff's complaint does not allege diversity jurisdiction. For instance, Plaintiff does not allege that the parties are citizens of different states. He notes only that the AM/PM Corporation has its principal place of business in California. (*Id.* at 5.) Further, Plaintiff does not establish that the matter in controversy exceeds the sum or value of $75,000. Although he seeks compensatory damages in the amount of $3 million, he does not identify any concrete injuries or damages. Thus, as currently pled, Plaintiff's complaint does not establish diversity jurisdiction.

#### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

4

*v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* In this instance, Plaintiff does not allege any violation arising under the Constitution, laws or treaties of the United States. Thus, as pled, Plaintiff's complaint does not establish federal question jurisdiction.

### C.  State Law Claims

Plaintiff appears to assert a state law claim for negligence. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to exercise supplemental jurisdiction over any purported state law claims and they will not be screened.

### V.  Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983 and fails to establish this Court's jurisdiction. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal,* 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555

(citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 2, 2022**            /s/ *Barbara A. McAuliffe*           
                                                                     UNITED STATES MAGISTRATE JUDGE