1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURAL DEBBS, SR., | Case No.  1:22-cv-000403-DAD-BAK (BAM) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | (Doc. 4) |
| AM/PM GAS STATION, | **FOURTEEN-DAY DEADLINE** |
| Defendant. | |

Plaintiff Eural Debbs, Sr. ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this purported civil rights action against AM/PM Gas Station on April 7, 2022.  (Doc. 1.)

On May 3, 2022, the Court screened Plaintiff's complaint and granted Plaintiff leave to amend within thirty (30) days of service of the Court's order.  (Doc. 4.)  Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.*)  The deadline for Plaintiff to file his amended complaint has passed and Plaintiff has not complied with the Court's order.  The Court therefore will recommend dismissal of this action for failure to state a claim, failure to establish this Court's jurisdiction, failure to obey a court order and failure to prosecute.

1

1  **I.      Failure to State a Claim**

2       **A.  Screening Requirement and Standard**

3       The Court screens complaints brought by persons proceeding in pro se and in forma

4  pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

5  dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

6  granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

7  U.S.C. § 1915(e)(2)(B)(ii).

8       A complaint must contain "a short and plain statement of the claim showing that the

9  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

12  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

13  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

14  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

15       To survive screening, Plaintiff's claims must be facially plausible, which requires

16  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

17  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

18  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

19  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

20  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

21       **B.  Plaintiff's Allegations**

22       In summary, Plaintiff alleges that he rode his wheelchair into the AM/PM on a hot day in

23  June 2021.  As Plaintiff lifted his cup to get "some slurpe," he did not notice the machine was

24  being cleaned and he filled up his cup.  (Doc. 1 at 5.)  There was cleaning solution in the machine

25  and Plaintiff drank it.  He had to go to the emergency room and was diagnosed with toxic

26  chemicals.

27       Plaintiff feels that his constitutional rights were violated when the defendant failed to act

28  in a safe manner by posting a sign.  Plaintiff also contends that defendant breached its duty,

1  constituting negligence.  He requests compensatory damages in the amount of $3 million dollars.

2  In a supporting declaration, Plaintiff contends that defendant's failure to post any sign violated his

3  constitutional rights under 42 U.S.C. § 1983 and is a civil rights deprivation.  (Doc. 1 at 7.)

4  **C.  Discussion**

5  Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983 and fails to

6  establish this Court's jurisdiction.

7  1.  42 U.S.C. § 1983

8  Section 1983 provides:

9
10  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the
11  Constitution and laws, shall be liable to the party injured in an action at law....

12  42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must both (1) allege the deprivation

13  of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation

14  was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063,

15  1067 (9th Cir. 2006). Generally, private parties do not act under color of state law for § 1983

16  purposes. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes

17  that conduct by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*,

18  639 F.3d 916, 922 (9th Cir. 2011). The ultimate issue in determining whether a person is subject

19  to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to

20  the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Huffman v. Cty. of L.A.*, 147

21  F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to

22  be held liable under § 1983). Simply put, § 1983 "excludes from its reach merely private conduct,

23  no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.

24  40, 50 (1999) (citations and internal quotations omitted).

25  Here, Plaintiff fails to plead sufficient facts to establish that the defendant gas station (or

26  corporation) was acting under color of state law. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d

27  1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary element of a § 1983 claim").

28

3

2.   Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

a.   Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Here, Plaintiff affirmatively states in his complaint that jurisdiction is not based on diversity of citizenship.   (Doc. 1 at 4.)  Moreover, Plaintiff's complaint does not allege diversity jurisdiction.  For instance, Plaintiff does not allege that the parties are citizens of different states. He notes only that the AM/PM Corporation has its principal place of business in California.  (*Id.* at 5.)  Further, Plaintiff does not establish that the matter in controversy exceeds the sum or value of $75,000.  Although he seeks compensatory damages in the amount of $3 million, he does not identify any concrete injuries or damages.  Thus, as currently pled, Plaintiff's complaint does not establish diversity jurisdiction.

b.   Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

4

*v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* In this instance, Plaintiff does not allege any violation arising under the Constitution, laws or treaties of the United States. Thus, as pled, Plaintiff's complaint does not establish federal question jurisdiction.

3.      State Law Claims

Plaintiff appears to assert a state law claim for negligence. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it is recommended that the Court decline to exercise supplemental jurisdiction over any purported state law claims and those claims be dismissed without prejudice.

**II.      Failure to Obey Court Order and Failure to Prosecute**

**A.   Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

5

1   failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46

2   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

3   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

4   amendment of complaint); *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130–33 (9th Cir. 1987)

5   (dismissal for failure to comply with court order).

6          In determining whether to dismiss an action, the Court must consider several factors: (1)

7   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

8   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

9   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

10  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

11               **B.        Discussion**

12         Here, Plaintiff's amended complaint is overdue.  The action cannot proceed without

13  Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold

14  this case in abeyance awaiting compliance by Plaintiff.  The Court additionally cannot effectively

15  manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first

16  and second factors weigh in favor of dismissal.

17         The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a

18  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

19  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs

20  against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*,

21  291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

22  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

23  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods.*

24  *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

25         Finally, the Court's warning to a party that failure to obey the Court's order will result in

26  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

27  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's May 3, 2022 screening order

28  expressly warned Plaintiff that his failure to comply would result in a recommendation for

dismissal of this action.  (Doc. 4 at 6.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's *in forma pauperis status* in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**III.     Conclusion and Recommendation**

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1.  Plaintiff's federal claims be dismissed, with prejudice, based on Plaintiff's failure to state a claim, failure to establish this Court's jurisdiction, failure to obey the Court's order and failure to prosecute; and

2.  Plaintiff's state law claims be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**June 14, 2022**__                   ____/s/ *Barbara A. McAuliffe*____
                                                UNITED STATES MAGISTRATE JUDGE